**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: | CASE: 24-10560-JGR |
| JOSEPH E. SMITH | CHAPTER 13 |

**Debtor**

---

**TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

---

Douglas B. Kiel, Chapter 13 Trustee, hereby files his Objection to Confirmation of Chapter 13 Plan and as grounds therefor states as follows:

1. Trustee is unable to determine if the plan complies with 11 U.S.C. § 1325. Trustee requests a redacted copy of Debtor's 2023 tax returns including all attachments.

2. Trustee cannot determine if the plan fully provides for the priority claim of the Colorado Department of Revenue ("CDR"), 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtor has filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9). The proof of claim filed by the CDR indicates Debtor has not filed a state income tax return for 2023. Debtor must file the return and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

3. Trustee cannot determine if the plan fully provides for the priority claim of the Internal Revenue Service ("IRS"), 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtor has filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9). The proof of claim filed by the IRS indicates Debtor has not filed a federal income tax return for 2023. Debtor must file the return and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

4. The plan cannot be administered as written because of a mathematical error in the plan analysis. Part 3.1 lines A through F do not equal the amount on line G (Line G should be $25,612). The total listed on line G of the plan analysis should be corrected and plan payments must be increased to fully fund the plan.

5. Trustee is unable to determine if the plan complies with 11 U.S.C. § 1325. Question 4 of the Statement of Financial Affairs (Docket No. 1) does not include Debtor's income in 2023 and year-to-date income in 2024.

The Trustee reserves the right to amend his objection and to report on the Debtor's payment history at the hearing on his Objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

Dated: March 7, 2024                              Respectfully submitted,

/s/ Matthew Hoelscher
Matthew Hoelscher, #48884
Attorney For Douglas B. Kiel, Chapter 13 Trustee
7100 E Belleview Ave, Suite 300
Greenwood Village, Co 80111
(720)398-4444
mhoelscher@denver13.com

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Trustee's Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on March 7, 2024, addressed as follows:

JOSEPH E. SMITH
2125 BAINBRIDGE ROAD
COLORADO SPRINGS, CO  80916

Notice by Electronic Transmission was sent to the following persons/parties:

SWEENEY LAW OFFICES PLLC

/s/ Matthew Hoelscher
*staff for Douglas B. Kiel, Chapter 13 Trustee*